IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-372-1H

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GENESIS LEE WHITTED, JR., | ) | |
| Defendant. | ) | |

This matter is before the court on the following motions filed by Defendant Genesis Lee Whitted, Jr. ("Whitted"):

1. Motion for Production of Rule 404(b) Evidence, filed February 21, 2017 [DE #140];

2. Motion for Favorable Evidence (Brady Motion), filed February 21, 2017 [DE #141];

3. Motion for Disclosure of Witness Statements, filed February 21, 2017 [DE #142];

4. Motion for Production of Psychiatric Evaluation of Any Government Witness, filed February 21, 2017 [DE #143];

5. Motion for Production of Law Enforcement Interview Reports on Notes with Individuals Who Will Not Be Witnesses at Trial, filed February 21, 2017 [DE #144];

6. Motion for Release of Perjured Information to Grand Jury, filed February 21, 2017 [DE #145];

7. Motion for Statement of Indicted and Unindicted Co-Conspirators, filed February 21, 2017 [DE #146];

8. Motion to Sequester Witnesses, filed February 21, 2017 [DE #147];

9. Motion to Reveal Concessions or Deals, Criminal Record of Government Witnesses, and Information about Previous Testimony, filed February 21, 2017 [DE #148];

10. Motion to Compel Immediate Disclosure or Existence of Promise of Immunity, Leniency or Preferential Treatment and Motion for Disclosure of Impeaching Information, filed February 21, 2017 [DE #149];

11. Motion for Order to Preserve Rough Notes & Disclosure for Inspection and Copying, filed February 21, 2017 [DE #150]; and

12. Motion to Compel Early Production of Grand Jury Testimony, filed February 21, 2017 [DE #151].

The government has responded to Defendant's motions, and the time for further filings has expired. The motions were referred to the undersigned for decision by Senior United States District Judge Malcolm J. Howard.

## BACKGROUND

On December 21, 2016, Whitted was named in a nine-count superseding indictment charging him with: (1) one count of conspiracy to distribute and possess with the intent to distribute twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (count one); (2) five counts of distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (counts three, five, six, eight, and nine); (3) one count of distribution of a quantity of cocaine base and aiding and abetting distribution of a quantity of cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) (count four); (4) one count of possessing and brandishing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(A)(i), and 924(c)(1)(A)(ii) (count two); and one count of

possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(A)(i) (count seven). Whitted's arraignment has been continued pending the results of a competency evaluation being conducted pursuant to 18 U.S.C. § 4247(c). Before the court are a number of pretrial motions filed by Whitted.

## DISCUSSION

### I. Request for Rule 404(b) Evidence

Defendant first asks the court to order the government to provide notice of Rule 404(b) evidence that it anticipates attempting to introduce at trial. Under Rule 404(b), the government is obligated to notify a defendant if it intends to use evidence of the defendant's prior bad acts under Rule 404(b). *See* Fed. R. Evid. 404(b) (providing that evidence of other crimes, wrongs, or acts may be admissible in a criminal case provided that upon request by the accused, the prosecution provides "reasonable notice of the general nature of any such evidence" it intends to offer at trial, or during trial if the court excuses the lack of pretrial notice for good cause). In its response to Defendant's motion, the government states that it is aware of its obligation to provide reasonable notice and will abide by the requirements of Rule 404(b). There being no indication that the government will not meet its obligations under the rule, the court DENIES Defendant's motion.

### II. Request for *Brady* Evidence

Defendant moves the court for an order requiring the government to produce all favorable evidence which may have an impact upon guilt, innocence, or

3

punishment. Under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), the government need only disclose exculpatory and impeachment evidence "in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985). The government asserts that it has provided to Defendant all requested material available at this time. The government further states that should additional material become available, such material will be turned over to Defendant as soon as possible pursuant to the government's continuing disclosure obligations. The court credits the government's assertion that it will comply with *Brady* and *Giglio* and, accordingly, DENIES Defendant's motion.

III. **Request for Co-Conspirator Statements**

Defendant moves the court for an order requiring the disclosure of "any and all statements (pre- or post-arrest) . . . of any alleged undicted co-conspirator" [DE #146 at 1]. The government has already provided some discovery, and has stated that it is aware of its continuing obligations to disclose material under *Brady*, *Giglio*, and 18 U.S.C. § 3500 (Jencks Act). The court credits the government's assertion that it will comply with *Brady*, *Giglio*, and the Jencks Act, and, accordingly, DENIES Defendant's motion.

IV. **Request for Jencks Materials**

Defendant also asks for early disclosure of Jencks Act materials. The government is obligated to disclose witness statements in its possession *after* a witness has completed his testimony on direct examination. 18 U.S.C. § 3500. As

4

such, this motion is premature. Moreover, the government states in its response that it has already provided early disclosure of some Jencks Act materials to Defendant. Therefore, the motion is DENIED.

V.      **Request for Reports of Psychiatric Evaluation of Witnesses**

Defendant moves the court for an order requiring production of any psychiatric test or examination results of any government witnesses to the extent that such information may impair said witnesses' testimony or impeach their credibility. The government acknowledges its continuing duty to disclose such material under *Brady* and *Giglio*, and its duty to disclose such material under the Jencks Act should a person with such background testify at trial. Given that the government has already provided broad discovery material in this case, the court credits the government's assertion that it will continue to comply with its ongoing discovery obligations. Moreover, to the extent the Defendant seeks Jencks Act materials, that motion is premature. Therefore, the court DENIES Defendant's motion.

VI.     **Request for Law Enforcement Notes Regarding Non-Testifying Witnesses**

Defendant requests production of interview notes of law enforcement agents of persons who will not be called as witnesses at trial but who were nonetheless interviewed as part of the government's investigation. The government asserts that it believes it has already produced all such reports, and that it is aware of its continuing duty to disclose material under *Brady* and *Giglio*. The court credits the government's assertion that it will continue to comply with its ongoing discovery obligations, and, accordingly, DENIES Defendant's motion.

5

## VII. Request for Any Perjured Evidence Considered by Grand Jury

Defendant also asks for production of any "perjured evidence" presented to the grand jury. The government asserts that it does not believe any such material exists, but regardless, that it has ordered transcripts of the grand jury proceedings and will produce these "in advance of trial with sufficient time for their effective use" [DE #158 at 11]. The court credits the government's assertion that it will disclose such material pursuant to its ongoing discovery obligations, noting the government's disclosure of some discovery material already and its decision to order the grand jury transcripts. Moreover, given the posture of the case, disclosure is premature at this point. Therefore, the court DENIES Defendant's motion.

## VIII. Request to Sequester Witnesses

Defendant seeks an order excluding all government witnesses from the courtroom during the examination of other witnesses. "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. Furthermore, "[e]ach witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial." *United States v. McCall*, No. 5:12-CR-351-10F, 2013 WL 2382306, at *1 (E.D.N.C. May 30, 2013) (citing *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000)). Pursuant to the rule, the government may exempt from sequestration one investigative agent involved in the criminal prosecution. *See* Fed. R. Evid. 615(b) (exempting from exclusion "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney"). "Under

6

this exception [to Rule 615], the district court may allow the government's chief investigating agent to remain in the courtroom throughout the proceedings, even if he is expected to testify." *United States v. Farnham*, 791 F.2d 331, 334 (4th Cir. 1986).

The government does not oppose a sequestration order but requests that one agent be permitted to sit at counsel's table during the trial. It also requests a reciprocal order applying to Defendant's witnesses. Accordingly, Defendant's motion to sequester witnesses is GRANTED, and the government's request for a sequestration order applying to Defendant's witnesses is GRANTED. The court orders sequestration of all testifying witnesses should the case proceed to trial with the exception of one case agent designated by the United States, Defendant, and such other witnesses as the court may determine are essential to the presentation of a party's claim or defense. All witnesses shall be prohibited from revealing any trial testimony to a witness that has not yet testified.

## IX. Request for Concessions or Deals, Criminal Records, and Previous Testimony

Defendant moves the court to order disclosure of any evidence involving agreements or transactions between the government and witnesses, the criminal records of witnesses, and any previous testimony of witnesses. Such information, if it exists, would be subject to the government's duty to disclose under *Brady*, *Giglio*, and the Jencks Act. The government asserts that it is aware of its obligation to provide such material and will do so sufficiently in advance of trial. Because the matter is not set for trial yet, it is premature for the court to grant Defendant's motion. The motion is therefore DENIED.

X.  **Request for Immediate Disclosure of Impeachment Information and Existence of Promises of Immunity, Leniency, or Preferential Treatment**

Defendant requests immediate disclosure of all *Giglio* material. The government asserts that it will comply with its obligation under *Giglio* but opposes an order directing immediate disclosure as it does not yet know which witnesses it will call at trial. The court notes that Defendant is correct that government disclosure of this information "on the eve of trial" may unfairly impinge upon Defendant's constitutional rights, but when, as here, trial has not yet been scheduled, a court order mandating disclosure is premature. Therefore, the court DENIES Defendant's motion for immediate disclosure of *Giglio* material.

XI.  **Request to Preserve Rough Notes and Permit Inspection under Jencks**

Defendant next requests that the court order the government to preserve any rough notes of its agents pertaining to the instant case and to permit inspection and copying of said notes. Defendant also requests preservation and disclosure of the rough notes of the government's prosecutors taken during witness interviews. The government opposes the motion, stating that is aware of and will comply with its obligations to disclose such notes under *Brady*, *Giglio*, and the Jencks Act. The government also contests Defendant's request for its prosecutors to preserve their notes of witness interviews as such an order would violate the attorney work-product doctrine and is unsupported by case law.

The Jencks Act does not generally require the production of rough notes of law enforcement agents where the notes are later incorporated into a formal statement

or report. *United States v. Hinton*, 719 F.2d 711, 722 (4th Cir. 1983). However, an agent's notes may be subject to production as a "statement" under the Jencks Act if a witness reads and adopts the notes. *United States v. Roseboro*, 87 F.3d 642, 645 (4th Cir. 1996). In that event, production would be required after the witness testified. 18 U.S.C. § 3500(b); Fed. R. Crim. P. 26.2(a). Thus, to the extent Defendant seeks pretrial disclosure of agents' notes, that motion is DENIED.

Nevertheless, a need for such notes could arise at trial. *See United States v. Gordon*, No. 7:14-CR-41-1FL, 2014 WL 5489364, at *2-3 (E.D.N.C. Oct. 30, 2014); *see also United States v. King*, 121 F.R.D. 277, 279 (E.D.N.C. 1988) (noting preservation warranted because notes may contain exculpatory or impeachment evidence the disclosure of which is required). Accordingly, Defendant's motion to preserve rough notes of government agents is GRANTED and the government is ORDERED to retain the rough notes of its agents in this matter until after the exhaustion of all appeal rights.

However, the government is correct that aside from *Brady* and Jencks Act materials, disclosure of prosecutors' rough notes would violate the attorney work-product doctrine. *See Morris v. Yist*, 447 F.3d 735, 742 (9th Cir. 2006) ("[I]n general, a prosecutor's opinions and mental impressions of the case are not discoverable under *Brady unless* they contain underlying exculpatory facts."); *see also Williamson v. Moore*, 221 F.3d 1177, 1182 (11th Cir. 2000) ("[C]ompelling reasons exist against a rule that requires opinion work product to be turned over to the opposing side."); *Goldberg v. United States*, 425 U.S. 94, 106 (1975) (noting that the Jencks Act does

9

not require disclosure of "a Government lawyer's recordation of mental impressions, personal beliefs, trial strategy, legal conclusions, or anything else that could not fairly be said to be the witness' own statement") (internal quotation marks omitted). Therefore, Defendant's motion for disclosure of the rough notes of government prosecutors is DENIED but GRANTED as to the request for government prosecutors to preserve their rough notes regarding potential Jencks Act and *Brady* materials.

## XII. Request for Early Disclosure of Grand Jury Testimony

Lastly, Defendant asks for immediate disclosure of grand jury witness testimony "regardless of whether the particular witness or witnesses will be called to testify at trial" [DE #151 at 1]. As Defendant acknowledges, such evidence is not required under the Jencks Act. Nonetheless, Defendant argues that "[t]here is not a single policy reason, legal conclusion or justification to prevent [immediate] disclosure" [DE #151 at 3]. To the contrary, there are several reasons for denying such a request at this point in the case: (1) the Jencks Act does not require it; (2) Defendant has not yet been arraigned and denied the charges; (3) the government has provided some of the material sought by Defendant already; (4) the government has ordered the grand jury transcripts; and (5) the government asserts that it will continue to supplement its disclosures with information requested by the Defendant. For these reasons, the court DENIES Defendant's motion.

## CONCLUSION

For the foregoing reasons, the court enters the following orders:

1. Defendant's Motion for Production of Rule 404(b) Evidence [DE #140] is DENIED;

2. Defendant's Motion for Favorable Evidence (Brady Motion) [DE #141] is DENIED;

3. Defendant's Motion for Disclosure of Witness Statements [DE #142] is DENIED;

4. Defendant's Motion for Production of Psychiatric Evaluation of Any Government Witness [DE #143] is DENIED;

5. Defendant's Motion for Production of Law Enforcement Interview Reports on Notes with Individuals Who Will Not Be Witnesses at Trial [DE #144] is DENIED;

6. Defendant's Motion for Release of Perjured Information to Grand Jury [DE #145] is DENIED;

7. Defendant's Motion for Statement[s] of Indicted and Unindicted Co-Conspirators [DE #146] is DENIED;

8. Defendant's Motion to Sequester Witnesses [DE #147] is GRANTED on the terms set forth above;

9. Defendant's Motion to Reveal Concessions or Deals, Criminal Record of Government Witnesses, and Information about Previous Testimony [DE #148] is DENIED;

10. Defendant's Motion to Compel Immediate Disclosure or Existence of Promise of Immunity, Leniency or Preferential Treatment and Motion for Disclosure of Impeaching Information [DE #149] is DENIED;

11. Defendant's Motion for Order to Preserve Rough Notes & Disclosure for Inspection and Copying [DE #150] is DENIED in part and GRANTED in part on the terms set forth above; and

12. Defendant's Motion to Compel Early Production of Grand Jury Testimony [DE #151] is DENIED.

This 15th day of May 2017.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge