IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

FILED
JUL 0 9 2020
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

NO. 5:15-CR-372-H-1
NO. 5-20-CV-11-H

GENESIS LEE WHITTED, JR.
 Movant,
v.
UNITED STATES OF AMERICA,
 Respondent,

## MOVANT'S REPLY TO UNITED STATES RESPONSE TO DISMISS §2255 MOTION

### I. ARGUMENT

Comes Now, Genesis Lee Whitted, Jr. (movant) and states that a dismissal of movant's §2255 motion would not serve in the interest of justice by any measure. Movant would bring to the court's attention that he will provide the court with facts, supporting case law, and documentation to prove without a doubt, meritorious claims.

Movant states that the United States is very misleading when it on several occasions in its response stating that movant admitted guilt. Exhibit's E thru H, will prove that the United States position on this is false.

Exhibit (E) thru (H) are pages from the July 14, 2017, Arraignment hearing of movant, which was the "second" Arraignment, the first was held on March 14, 2017, this is the hearing in which movant admitted guilt, however, movant stated that after having been through an evaluation to see if he was competent to stand trial movant stated "that he had time to think about his case and changed his plea from guilty to not guilty, see Exhibits E thru H confirming this during the Arraignment on July 14, 2017, in which district court Judge Kimberly Swank, was reading the counts to movant and asking him how does he plea.

Movant states that as it pertains to count (1) Lines 10 thru 13, confirms his desire to plead not guilty. See Exhibit (E). Movant also points to the Honorable Judge Swank when she asked movant if he was guilty or not guilty

or guilty to count one, the Honorable Swank asked " And specifically you've been charged with 28 grams or more of cocaine base, you're entering a plea of guilty as to that charge?" "The Defendant: (Movant) Yes, ma'am." See Exhibit (E) Line 13.

However, this to is irrelevant to the United States position as it pertains to it's argument that movant pleaded guilty simply for two reasons, First, movant was tried and convicted on all counts except count two, but movant pleaded guilty to count one as it pertains to 28 grams or more, See Line 14 Exhibit (E), however, movant went to trial on that count and was found guilty, See Judgment In A Criminal case as to movant where counts 1, 3, 4, 5, 6, 7, 8, and 9 (Superceding Indictment) states the counts movant was found guilty on. How can this be possible in a court of law, that an Attorney whose appointed to represent movant stand in open court and concede his (movants) guilt, to a jury, and at the same time defend movant on those charges before the same jury? makes no sense at all.

Secondly, the Honorable Kimberly Swank

stated "So, sir are you entering pleas of not guilty as to each and every one of those counts?" referring to counts 1 thru 9, See Exhibit (H) Lines 1 and 2. Movant Answers [The Defendant] "Yes ma'am," See Exhibit (H) Line 3. So the Judge Accepted movant's not guilty plea to the charges because she (Judge Swank) ordered the clerk of court to enter not guilty pleas as to each and every one of the counts.

The Honorable Kimberly Swank allowed for a guilty plea on count one, See Exhibit (E) Lines 13 starting with "And specifically..." thru 16, and then the Judge also allowed the movant to go to trial on the very same count. This is preposterous in a court of law, movant should automatically have a reversal on this alone.

Movant now states that the United States position is very weak and also it's illegal to use statements from any proceeding that has been dismissed due to the fact that the proceedings have begun anew. Any statements stemming from the March 14, 2017, arraignment is no longer apart of case No. 5:15-CR-00372-H-1, or any other proceeding due to the fact that the

(4)

## II. IRRELEVANT DESCRIPTION OF CRIMINAL ACTIVITY

The United States points to what they call the violent criminal activity of movant. The United States lists some thirteen (13) offenses, with dates and description of certain criminal activity committed by movant and accomplishes.

However, I see a very interesting pattern, and that is that each and every one of these alleged offenses in which the United States points to were either dismissed or in many cases not even charged offenses as it pertains to movant. In 2009, the United States, stated that movant was involved in a shooting at a night club in Fayettville, Another in which the United States asserts movant killed someone and led a crew in committing home invasions of a drug dealer, these were never charged offenses. On September 14, 2009, the United States alleges movant robbed a drug dealer describing in detail what transpired (hit with gun, forced to remove clothing, placed in the trunk of a car), however again no charges were brought against movant.

In 2012 the United States alleges that movant set up a drug deal, robbed the buyers of $16,000 dollars, again no charges were

## II. Continuation

of it becoming ridiculous, in July 9, 2012 case was nolo prossed; [margin: nolo processed] On November 28, 2012; the September 10, 2012, case was dismissed; On December 10, 2012; the July 22, 2013, case was dismissed on October 30, 2013; the December 2013 case was never charged; the January 5, 2014 was never charged; the 2014 accusation by United States that movant robbed a victim for drugs, no charges filed in that case; the April 22, 2014, case was dismissed; the December 23, 2014, case no charges filed, the January 7, 2015, case was dismissed; and the May 30, 2015 case no charges were filed against movant.

How is it possible for the United States to list such serious charges describing some in detail as if they had an informant there in each and every case? Well we know that's not true because movant was never even charged in many of those cases, and the others were dismissed. The United States knows it is violating, <u>Nelson v. Colorado</u>, 134 S. Ct. 1249, in which the Supreme Court stated that, "where a defendant has been charged and later those charges were dropped, no prosecuting authority can use such offenses as relevant conduct, so the United States positions and its contained in the presentence

is completely illegal and inconsistent with the ruling of the highest court in the United States of America, the Supreme Court.

The United States asserts that "In light of the violent criminal conduct and drug trafficking engaged by movant over the years" which is insinuating that the alleged dismissed offenses that the United States points to are true, when the fact is clear, if a defendant has not been convicted of an offense, there's nothing to be said and it is in bad faith for any prosecuting authority to cite, period.

The United States accuses movant of trafficking large quantities of cocaine, and stated that movant had six (6) kilograms of cocaine at one point, however, in 2014 the FBI and Fayettville police department with cooperating witnesses, and a camera installed across from a car wash, owned by petitioner (movant), using an informant to purchase cocaine from movant, and still only producing a very small amount of drugs, nothing similarly close to six (6) kilograms as was stated by the United States.

(7)

a case of let's pile on the charges even if the crimes were never filed or dismissed, it's all about the United States trying to paint movant in a light most favorable for them. And it's also to shift the main argument that movant raises, which is that he did not plead guilty as his attorney Mr. Ayers stated, but rather desired to exert his right to a jury trial, which movant received, but only after Attorney Ayers stood in open court and admitted movants guilt to the jury.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

The United States asserts that movant's claim of ineffective assistance of counsel fails under both prongs of the Strickland test, the two prongs in which the United States points to are (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that the outcome of the proceeding would have been different but for counsel's substandard representation.

Movant's position

the fact that (1) when Attorney Ayers stood in open court and conceded movant's guilt to the jury, against movant's desire to go to trail, how much farther can counsel's performance fall, it mean that's pretty much helping the United States seal movant's fate, when counsel told the jury that his client acknowledged his responsibility for the drugs, Tr. Vol. 10/16/17, p. 22, lns. 4-7, and then later in the trial of movant, Attorney Ayers stated again that there is no issue with the drugs, Tr. Vol. 10/18/17, p. 114, lns. 18-20. Mr. Ayers was basicly the star witness for the United States, if movant wanted to plead guilty, why would he go to trial on the drug charges.

  Secondly, The outcome of the procceding would or/and could easily have been different if it were not for the substandard representation of Attorney Ayers. If counsel had not conceded movant's guilt and fought for his client on multiple fronts, for example movant asked Attorney Ayers to file a suppression hearing, because the search warrant that was executed the day movant's house was kicked in by officers stating that there was no search

warrant, however, when movant reads the search warrant it has the wrong address on it. How and who can refute that if Mr. Ayers filed a motion to suppress all evidence seized from that warrant, which was illegal because of the address, what the outcome would have been.

The warrant is issued by a Judge and the only way it can be amended is if it's contents are brought back to the judge who issue it in the first instance, and they go through the proper procedure to amend it. This is just two examples of how Mr. Ayers substandard representation affected the outcome of the proceedings.

Movant states that he easily proves and satisfies both Strickland prongs and Mr. Ayers was completely one hundred percent (100%) ineffective as his counsel, violating McCoy v. Louisiana, 138 S. Ct. 1500 (2018), by conceding movant's guilt when that was not what movant desired to do.

## IV. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Movant claims ineffective Assistance

of appellate counsel, the United States asserts that movant claim of ineffective assistance against appellate cousel is meritless and fails because effective assistance of appellate counsel does not require the presentation of all issues on appeal that may have merit. This assertion by the United States is a very weak position to take. What the United States fails to mention is that even though not all issues needed to be raised that have merit by appellate counsel for him not to be ineffective; however, the main argument, the case in chief argument that movant asked Appellate counsel Rudolph A. Ashton, III, to do was bring to the appellate court's attention that his trail attorney Mr. Ayers, conceded his guilt against his desire to go to trail.

    This is the strongest and most significant claim that movant has to reverse his conviction, this is truly ineffective assistance of appellate counsel, as it was with trial counsel Ayers. Movant has had the same issue happen to him twice, his DUE PROCESS OF LAW CLAUSE OF the Fifth Amendment has been violated twice for the same reasons. The appellate counsel Rudolph A. Ashton, III, basically hiding the

(11)

Case 5:15-cr-00372-M Document 295 Filed 07/09/20 Page 11 of 14

fact as to why movant appealed his conviction in the first instance. Movant does not need to show prejudice, it is automactically built in the proceedings of the trial and appeal, when both of the attorneys Mr. Ayers and Mr. Rudolph A. Ashton, III, respectively went against movant's desire to bring forth certain claims to the courts which gave him the best opportunity to prevail. Thus, both attorneys trial and the appellate attorney actions were contrary to the Supreme Court's ruling in McCoy v. Louisiana, 138 S. Ct. 1500 (2018).

The appellate court is there to determine whether or not claims presented to it are meritless, not the United States or even the appellate attorney that's representing movant when there is a record from the lower court that will provide the appellate court with clear facts to what movant is claiming that violated his due process. Appellate counsel Mr. Ashton III, has an ethical obligation to the court, and the Bar Association, to act in a manner of the principles according to the oath he took as an officer of the court, this

## CONCLUSION

The claims that movant is presenting to this court can easily be proven, there are transcripts, affidavits, and other Exhibits to show how movant was not given due process according to the law and Constitution of the United States. This is not a case of the needle in the hay stack, but rather clear and overwhelmingly convincing when the documents are reviewed by the court, it's content will speak for itself.

I ask this Honorable Court to vacate the conviction because it was secured by violating the laws of the Constitution and movants rights.

Respectfully prayed for this 6 day of 07  2020.

Genesis Lee Whitted, Jr.
Genesis Lee Whitted, Jr.
Movant, Pro Se

CERTIFICATE OF SERVICE AND MAILING

I, Genesis Lee Whitted, Jr., hereby state under penalty of perjury 28 USC 1746 that I mailed and filed this motion by depositing such in the prison's legal mail system with 1st class prepaid postage affixed and addressed as follows:

United States District Court
Eastern District of North Carolina
Office of the Clerk of Court
P.O. Box 25670
Raleigh, NC 27611

Office of U.S. Attorney
Eastern District of North Carolina
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601

Done this 6 day of 07 2020.

*Genesis Lee Whitted JR*
Genesis Lee Whitted, Jr. #61101-056
FCI Edgefield
P.O. Box 725
Edgefield, SC 29824

(14)