IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-372-1H
No. 5:20-CV-11-H

GENESIS LEE WHITTED, JR.,
    Petitioner,

v.                              **ORDER**

UNITED STATES OF AMERICA,
    Respondent.

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, [DE #279]. The government filed a motion to dismiss, [DE #289], to which petitioner responded, [DE #298]. This matter is ripe for adjudication.

Petitioner wrote a letter, [DE #293], requesting an update as to the status of his § 2255 motion, which is addressed herein. Petitioner has filed two motions, [DE #296 and DE #299], to seal his sentencing hearing of March 6, 2018 transcript, [DE #265], and arraignment[1] hearing of March 14, 2017 transcript, [DE #162]. Petitioner has also moved for the production of documents, [DE #302]. The court has considered these motions herein and this matter is ripe for adjudication.

---

[1] A motions hearing was held on March 14, 2017, [DE #162], and petitioner's arraignment was held on July 14, 2017. [DE #267].

## BACKGROUND

On October 18, 2017, petitioner was found guilty by a jury of the following offenses: conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846 (Count One); distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Counts Three, Five, Six, Eight, and Nine); distribution of a quantity of cocaine base and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 2 (Count Four); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Seven). On March 06, 2018, petitioner was sentenced to a total term of imprisonment of 420 months on the eight counts.[2]

Petitioner appealed, [DE #257], and the Fourth Circuit affirmed. [DE #268]. Petitioner filed a petition for writ of certiorari which was denied by the Supreme Court of the United States on December 16, 2019. [DE #278]. Petitioner timely filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, [DE #279], arguing various claims of ineffective assistance of counsel. Petitioner requests that the court appoint counsel and conduct an evidentiary hearing. [DE #279 at 17].

---

[2] Defendant was found not guilty on count 2 of the superseding indictment. [DE #260].

2

**COURT'S DISCUSSION**

**I.   Motion to Vacate, [DE #279]**

**a. Standard of Review**

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984).  First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance.  Id. at 687-88.  In making this determination, there is a strong presumption that counsel's conduct was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).  The Strickland court reasoned that, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  Id. (citing Engle v. Isaac, 456 U.S. 107, 133-34 (1982)).  Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.

3

"To show prejudice in the context of appellate representation, a petitioner must establish a 'reasonable probability . . . he would have prevailed on his appeal' but for his counsel's unreasonable failure to raise an issue." United States v. Rangel, 781 F.3d 736, 745 (4th Cir. 2015) (quoting Smith v. Robbins, 528 U.S. 259, 285-86 (2000)) (citing United States v. Mannino, 212 F.3d 835, 845-46 (3d Cir. 2000)) ("The test for prejudice under Strickland is not whether petitioners would likely prevail upon remand, but whether we would have likely reversed and ordered a remand had the issue been raised on direct appeal.").

**b. Analysis**

**i. Alleged Ineffective Assistance of Trial Counsel**

Petitioner contends trial[3] counsel rendered ineffective assistance "when counsel conceded movant's guilt to drug charges alleged in the superseding indictment" during opening statements and closing argument to the jury, [DE #279 at 5 (citing DE #237 Trial Transcript[4] at 22 and DE #239 at 114)], in violation of the

---

[3] Trial counsel was petitioner's fourth attorney appointed. Three prior attorneys filed motions to withdraw based on difficulties in communication with petitioner, [DE #58], and with his family, [DE #114 and #126]. Trial counsel, James Ayers, II, filed two motions to withdraw as counsel, both of which were denied. At the first denial, a psychiatric evaluation was ordered. [DE #160]. At the second denial, petitioner's family was enjoined from contacting counsel. [DE #200]. A fifth attorney was also appointed to assist Mr. Ayers in representing petitioner at trial. [DE #200 at 2].

[4] Counsel for petitioner also argued in opening statements that while the drugs were possessed, the jury should find petitioner not guilty of the gun charges. [DE #237 at 22]. Notably, the jury found petitioner not guilty of count two, brandishing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). [DE #260].

4

Supreme Court's holding in McCoy v. Louisiana, 138 S. Ct. 1500 (2018).

In McCoy, the Supreme Court held that in the context of a capital trial, "a defendant has the right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty." 138 S. Ct. at 1505. Specifically, the Supreme Court found "[a]utonomy to decide that the objective of the defense is to assert innocence belongs in this latter category," referring to the category of decisions "reserved for the client." Id. at 1508. The court further held that the ineffective assistance of counsel standard did not apply "[b]ecause a client's autonomy, not counsel's competence, is in issue." Id. at 1510-11 (citing Strickland, 466 U.S. at 668; United States v. Cronic, 466 U.S. 648 (1984)).

However, as the government noted, [DE #290 at 2, 14-15], this case is distinguished from McCoy because petitioner, unlike the defendant in McCoy, had personally admitted his own guilt on the record under oath prior to trial, and defense counsel knew that the government could introduce these statements against petitioner at trial, which the government did. [DE #238 Trial Tr. at 173-75].

5

While petitioner contends that his admissions at the motions hearing should not have been considered part of the record for the sake of determining his guilt before a jury, petitioner has not overcome this distinction from McCoy. Petitioner argues that because he pled not guilty to all counts when ultimately arraigned, he preserved his innocence for adjudication by a jury. Petitioner notes that, like the defendant in McCoy, trial counsel was confronted multiple times during trial regarding conceding petitioner's guilt to the drug charges and petitioner's desire not to proceed in that manner, as evidenced by the affidavits submitted from his brother, sister, and himself. [DE #279-1; DE #279-2; and DE #279-3]. While petitioner's case is similar in those respects, petitioner has not overcome the distinction, that is that he admitted guilt twice under oath, [DE #162 at 10, 22, 25], and defense counsel knew the government would introduce this evidence.

As a matter of trial strategy, defense counsel chose to admit these charges before the government to undercut the gun counts. Defense counsel was successful in this approach, obtaining a not guilty verdict on count two for brandishing a firearm. [DE #260 at 1]. In opening statements, counsel for petitioner conceded, "Well, my client has on more than one occasion stood in court and acknowledged his responsibility for the drugs that are listed in that indictment." [DE #237 at 22]. In closing argument, counsel for petitioner again conceded, "And I told you from the beginning,

6

I'll tell you again now, that with regard to the drug transactions, we don't have an issue with those." [DE #239 at 114]. As referenced by counsel, during his motions hearing on March 14, 2017, petitioner himself stated "I don't mind pleading to the drugs because I was wrong for that, for the drugs." He disputed the firearm charges. [DE #162 Motions Hrg. Tr. at 22]. Later in the same motions hearing, petitioner stated, "Well, I want to plead guilty to the drugs and I don't want – I want to be [sic] trial by jury with the guns." [DE #162 Motions Hrg. Tr. at 25]. Petitioner was not arraigned at the motions hearing on March 14, 2017. Instead, the court ordered a psychiatric evaluation at that time, and petitioner pled not guilty on July 14, 2017.

While petitioner contends in his § 2255 motion that he maintained his actual innocence throughout the course of trial, he had already twice admitted his guilt for the drug charges, which was simply reiterated by counsel at trial. Petitioner has not overcome the "strong presumption that counsel's conduct was 'within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689.

### ii. Alleged Ineffective Assistance of Appellate Counsel

Petitioner also contends appellate counsel rendered ineffective assistance of counsel when appellate counsel did not raise the issue on appeal of trial counsel's concession of guilt. [DE #279 at 10-11; DE #298 at 11-12]. However, "[t]o show prejudice in the context of appellate representation, a petitioner must establish a 'reasonable probability . . . he would have prevailed on his appeal' but for his counsel's unreasonable failure to raise an issue." Rangel, 781 F.3d at 745 (4th Cir. 2015) (quoting Smith, 528 U.S. at 285-86). Petitioner has not shown prejudice in the context of appellate counsel's failure to raise this argument because he has not shown that if counsel had raised this claim, he would have prevailed on his appeal. Counsel for petitioner raised multiple claims and the Fourth Circuit affirmed the sentence. [DE #268 at 12].

### iii. Additional Allegations

Petitioner also contends his trial counsel erred in failing to file a motion to suppress as the warrant had the improper address. [DE #298 at 10]. Petitioner has not shown prejudice and in light of the overwhelming evidence presented at trial, this argument is without merit.

Petitioner asserts that Magistrate Judge Swank errantly allowed for a guilty plea on Count One and then allowed petitioner

8

to proceed to trial. [DE #298 at 4 citing DE #267 at 17]. However, the court notes that petitioner entered not guilty pleas to each count as Magistrate Judge Swank stated every count to petitioner and asked "[s]o, sir, are you entering pleas of not guilty as to each and every one of those counts?" Petitioner responded, "Yes, ma'am." [DE #267 at 18-20]. Therefore, petitioner's argument asserting error is without merit.

**II.     Motions to Seal, [DE #296 and DE #299]**

Although there is a common law and First Amendment presumption to access of court documents, "'[t]his presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004)(quoting Rushford v. New Yorker Magazine, 846 F.2d 249, 253 (4th Cir. 1988)).

Petitioner moves to seal the transcript of his sentencing hearing on March 6, 2018, [DE #265], and the transcript of his arraignment hearing of March 14, 2017, [DE #162], [DE #296, #299]. The court notes that both motions request the sealing of both transcripts.

As to the sentencing hearing transcript, [DE #265], the court notes the courtroom was sealed for a portion of the hearing and

9

hereby GRANTS petitioner's motion to seal the sentencing hearing transcript, [DE #265].

Additionally, the court construes the motion to seal the "arraignment hearing on March 14, 2017" as a motion to seal his motions hearing transcript of March 14, 2017, [DE #162], as well as his competency hearing and arraignment hearing transcript of July 14, 2017, [DE #267]. On March 14, 2017, petitioner attended a motions hearing, at which United States Magistrate Judge Kimberly A. Swank denied counsel's motion to withdraw and granted counsel's motion for a psychiatric evaluation. [DE #162 at 15 and 30]. On July 14, 2017, Magistrate Judge Swank held a competency hearing and arraignment hearing, at which petitioner was found competent to proceed and entered not guilty pleas to all counts of the superseding indictment. [DE #267 at 10-11 and 18-20]. Notably, the courtroom was not sealed for the competency hearing. [DE #267 at 9-10]. Petitioner has not shown a significant interest in the sealing of these transcripts, [DE #162 and #267], to outweigh the presumption of access.

Therefore, the court finds these motions to seal, [DE #296 and DE #299], are GRANTED IN PART to the extent the sentencing hearing transcript, [DE #265], will be SEALED and DENIED IN PART to the extent the transcripts, [DE #162 and DE #267] remain unsealed.

### III. Motion for Production, [DE #302]

Petitioner moves for production of certified copies of petitioner's "discovery material, namely, but not limited to grand jury minutes, bill of particulars, the judge's explanation for the sentence that was given, any video (still pictures) used as evidence, and other transcripts to effectively present and litigate movant's claims under 28 U.S.C. § 2255," [DE #302 at 1]. Petitioner states that he has a "particularized need" for the material "inasmuch as they are needed by [petitioner] to litigate his § 2255 motion." [DE #302 at 2]. Petitioner also requests a thirty-day continuance after receipt of the discovery material to amend his response to the government's motion to dismiss his § 2255. [DE #302 at 4]. For lack of good cause shown, the court denies petitioner's requests for documents and petitioner's request for an extension of response time. Therefore, this motion, [DE #302], is hereby DENIED.

### CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #289], is hereby GRANTED, and petitioner's motion to vacate, [DE #279], is hereby DISMISSED. Petitioner's motions to seal, [DE #296 and DE #299], are hereby GRANTED IN PART to the extent the sentencing hearing transcript, [DE #265], will be SEALED and DENIED IN PART to the extent the transcripts, [DE #162 and DE #267] remain unsealed. The clerk is directed to seal DE #265.

Petitioner's motion for production, [DE #302], is hereby DENIED. For lack of good cause shown, petitioner's requests that the court appoint counsel and conduct an evidentiary hearing, [DE #279 at 17], are DENIED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-85 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 1st day of December 2020.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35

12

Case 5:15-cr-00372-H   Document 327   Filed 12/02/20   Page 12 of 12