IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:15-CR-00372-M

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GENESIS LEE WHITTED, JR.,<br><br>Defendant. | ORDER |

These matters come before the court on the Defendant's motions for sentence reduction pursuant to 18 U.S.C. § 3582(c) [DE 362, 379]. In both motions, Defendant asserts that he is entitled to a reduction based on Amendment 829 to the United States Sentencing Guidelines regarding "youthful offenders." *See* U.S.S.G. § 5H1.1. Defendant claims that he was "youthful" during some of his prior offenses and, thus, the court should consider such characteristic in determining whether his sentence should be reduced under 18 U.S.C. § 3582(c)(1). The court disagrees.

First, nothing in the Amendment indicates that the Commission intended for courts to consider defendants' "youth" in determining § 3582(c)(1) motions; if it had, the Commission would have added the characteristic as an "extraordinary and compelling reason" in its policy statement under § 1B1.13 (*see, e.g.*, § 1B1.13(b)(2)). Second, the Amendment, by its plain language, is to be considered when determining whether to depart from the guidelines range computed by probation for sentencing a defendant in a given case; it is does not indicate any intent on the part of the Commission for courts to change or reduce a sentence already imposed.

However, even if the court were to consider Defendant's "youth" in this matter, the record reflects that Defendant was in his mid-20s when he committed the underlying offenses, and he was

18 and 21 years old when he committed the crimes underlying his previous two convictions. *See* PSR, DE 248. Probation scored the "18-year-old" conviction with one point. *Id.* at 14. If the court were to discount or disregard this conviction, Defendant's criminal history score would not change; the total score of 5 would reduce to a 4, which also results in a criminal history category of III. Further, if the court were to disregard both prior convictions and apply the current version of U.S.S.G. § 4A1.1, the score would reduce to 0, which results in a criminal history category of I; however, given the total offense level of 43, the guidelines range would not change. The court finds Defendant fails to demonstrate an extraordinary and compelling reason to reduce his sentence.

In the motion filed at DE 379, Defendant also contends that Amendment 821 should be considered in reducing his sentence. According to the record, it has been. On May 9, 2025, Laura Wasco entered her appearance for Defendant regarding this limited issue. DE 374. She and Probation reviewed Defendant's case for application of Amendment 821. DE 376. Probation determined that, while the Amendment applies to Defendant's case, its application would "not have the effect of lowering the guideline imprisonment range." *Id.* at 1. Ms. Wasco advised that she had "contemporaneously written the client and provided our analysis of the case; we do not intend to file a motion at this time." DE 376-2. The court agreed with Probation's conclusion and denied the request for relief under Amendment 821. DE 378.

For these reasons,[1] Defendant's motions [DE 362, 379] are DENIED.

SO ORDERED this ___15th___ day of July, 2025.

                                     RICHARD E. MYERS II
                                     CHIEF UNITED STATES DISTRICT JUDGE

---

[1] For an evaluation of the factors under 18 U.S.C. § 3553(a), see this court's order at DE 380.

3